# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIRLIE LINGAD,<br><br>                        Petitioner,<br>v.<br><br>MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, and ALBERTO GONZALES, ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,<br><br>                        Respondents. | CASE NO. 07cv0857 BTM(AJB)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. In her Petition, Petitioner contends that Magistrate Judge Porter's order certifying her extradition violated her due process rights under the U.S. Constitution. For the reasons discussed below, Petitioner's Petition is **DENIED**.

## DISCUSSION

The parties are familiar with the factual and procedural background of this case, which need not be repeated here.

Petitioner's sole basis for relief is her contention that her due process rights were violated when Magistrate Judge Porter granted the Government's motion to reopen the case based on additional evidence on identity that was available previously. Analogizing to Federal Rule of Civil Procedure 60(b), Petitioner argues that because the evidence of identity

was not newly discovered, it was unfair for Magistrate Judge Porter to reconsider her denial of the request for extradition.

The Court first notes that while both the Government's motion to reopen [Docket # 22] and Judge Porter's initial decision denying extradition [Docket # 23] were filed on the same day (February 16, 2007), the Government's papers were filed first. Thus, on its face, Rule 60 is inapplicable. Furthermore, the Federal Rules of Civil Procedure simply do not apply to extradition hearings. Matter of Requested Extradition of Smyth, 61 F.3d 711, 720-21 (9th Cir. 1995).

Nothing prevents the government from reinstituting extradition proceedings after initial unsuccessful attempts. Hooker v. Klein, 573 F.2d 1360, 1365 (9th Cir. 1978); Collins v. Lisel, 262 U.S. 426 (1923). A denial of a request for extradition is not a final judgment and does not have res judicata effect. Hooker, 573 F.2d at 1367-68. Thus, Petitioner's argument that she "should have some expectation of finality of a court's dispositive order" lacks merit in the context of extradition proceedings.

In Bovio v. United States, 989 F.2d 255 (7th Cir. 1993), the petitioner argued that it was a violation of due process for the magistrate judge to have allowed the government to reopen the proceedings after the judge denied extradition. The petitioner objected that "the government's subsequent effort at extradition was not pursuant to any new evidence but was a blatant attempt to correct the deficiencies in an investigation which had been completed five years previously." Id. at 260. In rejecting petitioner's claim, the Seventh Circuit explained, "The government, as any other party, has the right to move for reconsideration of a court's decision." Id. at 261. The court also noted that the government is permitted "to file multiple extraditions requests against the same person." Id. at 261 n. 5.

There is no due process right to the finality of a denial of extradition. The Magistrate Judge properly exercised her discretion to allow reopening by the Government to establish identity. Petitioner does not contend that the present record does not support the Magistrate Judge's finding of extradictability. Therefore, the Petition for Writ of Habeas Corpus is denied.

## **CONCLUSION**

For the reasons discussed above, Petitioner's Petition for Writ of Habeas Corpus is **DENIED**.  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: October 18, 2007

_____
Honorable Barry Ted Moskowitz
United States District Judge